Christopher J. Reichman SBN 250485
Justin Prato SBN 246968
PRATO & REICHMAN, APC
3675 Ruffin Road, Suite 220
San Diego, CA 92123
Telephone: 619-683-7971
chrisr@prato-reichman.com
justinp@prato-reichman.com

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THANE CHARMAN<br><br>Plaintiff,<br><br>vs.<br><br>FRED LOYA INSURANCE AGENCY, INC.,<br><br>Defendants. | Case No.: 3:26-CV-02212-BJC-SBC<br><br>**FIRST AMENDED CLASS COMPLAINT FOR CIVIL PENALTIES, PRELIMINARY INJUNCTION, AND PERMANENT INJUNCTION PURSUANT TO CALIFORNIA PENAL CODE § 632; § 637.2 THE CALIFORNIA INVASION OF PRIVACY ACT (CIPA), AS AMENDED**<br><br>**Jury Trial Demanded** |

Plaintiff, Thans Charman (hereinafter "Plaintiff"), alleges the following:

## PARTIES

1. Plaintiff, Thane Charman (“Plaintiff” or “Mr. Charman” is a resident of the State of California, County of San Diego.

2. Defendant, Fred Loya Insurance Agency, Inc. is a Texas corporation, headquartered in El Paso, Texas which does business in the State of California and the County of San Diego.

3. Due to the existence of two corporations called Fred Loya Insurance Agency, Inc., Plaintiff clarifies that the intended defendant is Fred Loya Insurance Agency, Inc., Texas SOS File Number 0800836371 ("Fred Loya" or "Defendant" with ECF name Fred Loya Insurance Agency, Inc. FLIA-TX ).

4. Defendants, and each of them, were and are the agents, servants, representatives, and/or employees of each of the other defendants herein, and were at all times acting within the course and scope of such agency, and all defendants agreed, ratified, and condoned the conduct of any and all other defendants.

5. Plaintiffs are informed and believe, and upon such information and belief allege, that each of the defendants, were at all times herein mentioned acting in concert with, and in conspiracy with, each and every one of the remaining defendants.

6. All allegations in this complaint are made upon information and belief, without prejudice to amendment, supplementation, contradiction, withdrawal or deletion of any allegation, or Plaintiffs right to prove the true facts at trial after the same have been ascertained.

## JURISDICTION, VENUE, AND LEGAL BACKGROUND

7. This court has original jurisdiction over this matter because the actions and omitted actions by Defendant were performed in the County of San Diego and are a violation of California law.

8. Venue is proper in this Superior Court of California, County of San Diego, Central Division, because each Plaintiff resides in the County of San Diego, and the Defendant's actions took place in San Diego.

9. This complaint is timely as it is brought within two (2) years of the alleged violations of law.

## STATEMENT OF FACTS

10. Defendant intentionally violated California penal code § 632;637.2 the California invasion of privacy act ("CIPA").

11. Defendant is an insurance company, providing motor vehicle insurance to persons in the United States, and specifically California residents.

12. On August 8, 2025, Mr. Charman's vehicle was struck by another vehicle driven by a Perla Nelly ("Ms. Nelly") causing damage to Mr. Charman's vehicle.

13. Ms. Nelly and Mr. Charman both exited their vehicles.

14. Ms. Nelly claimed to not have insurance, and that Mr. Charman's vehicle was not damaged by her.

15. Mr. Charman took a picture of Ms. Nelly's vehicle and its license plate.

16. Mr. Charman contacted his insurance agent and provided the license plate from Ms. Nelly's vehicle to his agent who then was able to provide who in fact insured Ms. Nelly.

17. This is the point Mr. Charman discovered that Ms. Nelly was insured by the Defendant.

18. On August 12, 2025 Mr. Charman called the Defendant concerning his claim for the damage to his vehicle.

19. Mr. Charman was told he needed to go into the physical claims office located in San Diego for them to document the damage.

20. Mr. Charman did in fact go to the office and they assessed the damage on August 13, 2025.

21. On August 13, 2025, while at the office, there were some short incidental calls between the Defendant and Mr. Charman but the final call on that

date was a twenty-three ("23") minute conversation with an adjuster discussing the claim and trying to come to an agreement on any personal injury portions of the claim.

22. About half way through the August 13, 2025 conversation after explaining what happened with Ms. Nelly, and getting an offered for personal injury based on that explanation Mr. Charman asked, "what happens if a person changes their story after the call?"

23. The adjuster stated to him, "that is why we record all of the calls", and then proceeded to tell Mr. Charman that the call was in fact being recorded, and that they record all calls made, especially those concerning resolution of a claim.

24. At no time prior to this point in the call had Defendant ever informed Mr. Charman that the call was being recorded and even thereafter did not ask for his consent.

25. Mr. Charman was confused about why he was not informed of the recording as he knows that is required in California and was taken off guard by the response which is why he continued with the conversation.

26. Afterwards Defendant's adjuster called back Mr. Charman three times on August 14, 2025 and left two voice messages, but did not speak with Mr. Charman.

27. Then on August 15, 2025 Defendant's adjuster called Mr. Charman and Mr. Charman answered the call.

28. Again, the Defendant did not inform Mr. Charman at the beginning of the August 15, 2025 call that the call was being recorded.

29. At about eleven (11) minutes into the call, Mr. Charman remembered what happened on the previous call and asked if the call was being recorded.

30. The adjusted answer that the call was again in fact being recorded.

31. Mr. Charman than stated that he did not consent to being recorded, that in the State of California you have to disclose that you are recording a call and he hung up the call.

32. On information and belief Mr. Charman alleges that Defendant knew its adjusters were recording outbound calls without providing the other party knowledge that the call was being recorded nor obtaining consent prior to recording the call including calls to Mr. Charman directly alleged above.

33. On information and belief Mr. Charman alleges Defendant records all of its calls with persons who have claims and are trying to resolve them with Defendant over the phone including calls to Mr. Charman directly alleged above.

34. On information and belief Mr. Charman alleges that Defendant has a policy of not informing persons it calls that the call is being recorded as a way to ensure that Defendant can get any agreement, whether the person being called believes it is an agreement or not, recorded to use to Defendants advantage later including calls to Mr. Charman directly alleged above.

35. On information and belief Mr. Charman alleges that all persons whom Defendant has had a phone conversation from an outbound call made by Defendant concerning a claim in the past two years did in fact have that call recorded including calls to Mr. Charman directly alleged above.

36. On information and belief Mr. Charman alleges that all persons whom Defendant has had a phone conversation from an outbound call made by Defendant concerning a claim in the past two years was not informed prior to the beginning of the call that the call would be recorded including calls to Mr. Charman directly alleged above.

37. On information and belief Mr. Charman alleges that all persons whom Defendant has had a phone conversation from an outbound call made by Defendant concerning a claim in the past two years did not provide prior consent, so not all

parties consented to the recording, to any recording that was made of their call, including calls to Mr. Charman directly alleged above.

38. On information and belief Mr. Charman alleges that Defendant used an electronic device to record all persons whom Defendant has had a phone conversation from an outbound call made by Defendant concerning a claim in the past two years, including calls to Mr. Charman directly alleged above.

39. On information and belief Mr. Charman alleges Defendant intentionally recorded all persons whom Defendant has had a phone conversation from an outbound call made by Defendant concerning a claim in the past two years, including calls to Mr. Charman directly alleged above.

40. All of the persons whom Defendant has had a phone conversation from an outbound call made by Defendant concerning a claim in the past two years, including Mr. Charman, had a reasonable expectation of privacy on the call especially as the call would require use of name, address and other personal identification information.

41. All of the persons whom Defendant has had a phone conversation from an outbound call made by Defendant concerning a claim in the past two years, including Mr. Charman, had a their privacy invaded when the Defendant recorded their calls without their consent.

42. All of the persons whom Defendant has had phone conversation from an outbound call made by Defendant concerning a claim in the past two years, including Mr. Charman, were harmed by this invasion of privacy and this harm is directly related to the Defendant's conduct, i.e. recording of the phone calls without consent.

## CIVIL ENFORCEMENT & INJUNCTIVE RELIEF

43. Plaintiffs reallege all paragraphs above and incorporate them herein by reference.

44. This action is brought under CIPA.

45. While CIPA is in the California Penal Code and has criminal penalties Section 637.2 allows for any person who has been injured, i.e. privacy invaded, to bring actions in violation of CIPA to bring a civil suit.

46. The civil suit is for Five Thousand dollar ($5000.00) or three times the actual damages.

47. Actual damages are not required to bring an action under CIPA.

48. Plaintiff is seeking the five-thousand-dollar ($5000.00) penalty for each violation committed against him on his behalf, and for each violation committed against a class member on their behalf.

49. On information and belief, Plaintiff believes that Defendant is continuing to violation CIPA on a daily basis by recording calls with persons they have a phone conversation from an outbound call made by Defendant that have a claim against an insured of the Defendant.

50. In addition to damages, CIPA provides that a person may seek an injunction to restrain any violation of CIPA in conjunction with any claim for damages.

51. Plaintiff is seeking an injunction to prevent the Defendant from recording any phone calls with any person with whom they call and whom they are discussing a claim over the telephone without first obtaining consent of all parties involved in the call.

52. The Invasion of Privacy Act is a coherent statutory scheme that protects against intentional, nonconsensual recording of telephone conversations regardless of the content of the conversation or the type of telephone involved, so the fact that the Plaintiff or class members were doing business with the Defendant is irrelevant. See, *Flanagan v. Flanagan* 27 Cal.4th 766 (2002).

## CLASS ALLEGATIONS

53. Plaintiffs reallege all paragraphs above and incorporate them herein by reference.

54. The above causes of action are being brought as a putative class action on behalf of Plaintiff and all others similarly situated pursuant to California Code of Civil Procedure § 382.

55. The Plaintiff proposes the following class definition:

> "All California residents who were called by Defendant and discussed with Defendant, its employees or adjusters, agents or other entities under Defendant's control, concerning a claim that person has with the Defendant who was present in California at the time of the call, whose call was recorded by Defendant by a electronic device without gaining consent of all persons on that call whose privacy was invaded due to this failure to get consent from February 11, 2024 through trial."

56. The above-mentioned class-members will collectively be referred to as "Class Members."

57. Plaintiffs reserve the right to amend or modify the class description with greater specificity or further division into Classes or limitation to particular issues.

58. This action is brought and may properly be maintained as a Class Action because there is a well-defined community of interest in the litigation and the proposed Class Members are easily ascertainable

**A. Numerosity**

59. The potential members of the Class as defined are so numerous or many, that joinder of all the members of the Class is impracticable.

60. While the precise number of Class Members has not been determined at the time but on information and belief Plaintiff believes that Defendant has made thousands of such calls to thousands of persons and so there will be more than 100 Class Members.

**B. Commonality.**

61. There are questions of law and fact common to the Class that predominates over any questions affecting only individual Class Members.

62. Common questions of law and fact include, without limitation and subject to possible further amendment, the following:

a. If the calls were recorded and with what recording device;
b. The extent that not getting consent when recording a call was a uniform policy by Defendant;
c. Whether the calls from Defendant are all subject to CIPA;

**C. Typicality**

63. Plaintiffs' claims are typical of the claims of the respective Classes because Plaintiffs and members of the proposed Classes sustained similar injuries and damages arising out of and caused by Defendants' common courses of conduct and policies in violation of laws, regulations that have the force and effect of law and statutes as alleged herein.

**D. Adequacy of Representation**

64. Plaintiffs do not have any conflicts of interest with other Class Members and will prosecute the case vigorously on behalf of the Classes.

65. Counsel representing Plaintiffs and the putative Classes are competent and experienced in litigating consumer class actions, including Telephone Protection Act class actions and have certified such a class in the past.

66. Plaintiffs will fairly and adequately represent and protect the interests of the Class Members.

**E. Superiority of Class Action and Manageability**

67. A class action is superior to other available means for the fair and efficient adjudication of the controversy because individual joinder of all Class Members is not practicable, and questions of law and fact common to the Classes predominate over any questions affecting only individual members of the Classes.

68. Each Class Member was damaged or suffered injury and may recover remedies because of Defendants' illegal policies and/or practices.

69. Class Action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

70. Plaintiffs are unaware of any difficulties likely to be encountered in the management of this action that would preclude maintenance as a Class Action.

71. At the appropriate time, Plaintiffs will present a trial methodology and plan that will streamline the action, base liability and damages on common evidence and common modes of proof through Defendants' corporate records, testimony of corporate common policy and practices, representative evidence, sampled and presented in a manner consistent with recognized scientific and statistical principles.

72. For the reasons alleged in this Complaint, this action should be certified as a Class Action.

## **FIRST CAUSE OF ACTION**

[Violation of CIPA]

73. Plaintiffs reallege all paragraphs above and incorporate them herein by reference.

74. Plaintiff are, and, at all times mentioned herein, were persons residing within San Diego County, which is the relevant jurisdiction for this Complaint.

75. Class Members are at all times persons whom reside in California.

76. In this case the Defendant violated the privacy rights of the Plaintiff and the class members by illegally recording outbound phone calls made by

Defendant with the Plaintiff and the Class Members without having consent of all parties to the call in violation of California Penal Code Sections 632 and 637.2.

77. The Defendant's intentionally recorded the calls to the Plaintiff and the Class Members using an electronic device.

78. The Plaintiff and Class Members had a reasonable expectation of privacy i.e. a reasonable expectation that the calls were not being recorded or overheard.

79. The Defendant did not have the consent of all parties to the calls, i.e. the consent of the Plaintiff nor consent of any Class Members to any of their calls.

80. The Plaintiff and the Class Members were harmed due to the invasion of their privacy.

81. The Defendant's conduct i.e. recording the calls without consent, was the substantial factor in the invasion of privacy harm to the Plaintiff and the Class Members.

82. The Plaintiff and the Class Members now seek damages in the amount of five-thousand-dollars ($5000.00) California Penal Code Sections 637.2.

83. Plaintiff and the Class Members also seek a preliminary and permanent injunction preventing the Defendant from recording calls with persons whom have claims without informing those persons that the call is being recorded.

## PRAYER

**WHEREFORE**, Plaintiffs pray as follows:

On the **FIRST CAUSE OF ACTION**:

1. Jointly and severally against all Defendants, civil penalties in the amount of $5000.00 per violation pursuant to California Penal Code § 637.2(b).
2. For a preliminary injunction, and a permanent injunction, pursuant to California Penal Code § 637.2(b), restraining Defendants from recording any

phone calls with any person with whom they are discussing over the telephone without first obtaining consent of all parties involved in the call.

3. For attorney's fees pursuant to California Code of Civil Procedure § 1021.5
4. For costs of suit herein incurred; and
5. For such further relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all claims so triable.

DATED: June, 26, 2026 **PRATO & REICHMAN, APC**

/s/Justin Prato, Esq.
By: Justin Prato, Esq.
**Prato & Reichman, APC**
Attorneys for Plaintiffs